UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WHITEFACE REAL ESTATE DEVELOPMENT
AND CONSTRUCTION, LLC,

                Plaintiff,                No. 08-cv-24
                                                           (GLS-DRH)

       v.

SELECTIVE INSURANCE COMPANY OF
AMERICA,

                Defendant.
_____

**APPEARANCES:**
FOR THE PLAINTIFF:
Thorn, Gershon Law Firm         ARTHUR H. THORN, ESQ.
5 Wembley Court, New Karner Road  ERIN P. MEAD, ESQ.
P.O. Box 15054
Albany, New York 12212

FOR THE DEFENDANT:
Goldberg, Segalla Law Firm        SHARON ANGELINO, ESQ.
665 Main Street, Suite 400        THOMAS F. SEGALLA, ESQ.
Buffalo, New York 14203

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

Currently before the court is defendant Selective Insurance

Company's ("Selective") motion to dismiss (Dkt. No. 23) plaintiff Whiteface Real Estate Development and Construction, LLC's ("Whiteface") claims of bad faith (Count III of plaintiff's Amended Complaint) and violations of New York's General Business Law Section 349 (Count IV of plaintiff's Amended Complaint).[1]  In addition, Selective's motion also seeks a protective order. Following review of Selective's brief in support thereof, Whiteface's response, and the record on the matter, Selective's motion is granted.

## BACKGROUND

In this diversity action, Whiteface alleges that Selective issued a builder's insurance policy to Whiteface which provided coverage for buildings and structures while they were under construction.  On March 7, 2007, a fire damaged, among other things, a condominium unit that was under construction.  (Dkt. No. 29 at ¶ 10.)  On March 8, 2007, Whiteface notified Selective of the fire damage.  (Id. at ¶ 14.)  However, on April 2, 2007, Selective sent a letter to Whiteface notifying it that coverage for the building was denied because the unit was occupied.  (*Id.* at ¶ 16.) Whiteface filed this action claiming, among other things, a claim for

---

[1] Initially, Whiteface's complaint did not include a claim under New York's General Business Law Section 349, but this claim was added in Whiteface's Amended Complaint.  (Dkt. No. 29.)

2

declaratory relief, breach of contract, and bad faith. Selective has moved to dismiss Whiteface's claim for bad faith and claim under New York's General Business Law Section 349. In addition, Selective seeks a protective order enjoining Whiteface from requesting any information regarding other similar insurance policies issued by Selective in New York. Naturally, Whiteface opposes Selective's motion.

## **DISCUSSION**

When deciding a motion to dismiss for failure to state a claim, the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff and decide whether the plaintiff has pled a plausible claim for relief. *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "The appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).

"Under New York law, implicit in contracts of insurance is a covenant of good faith and fair dealing." *Commerce and Indus. Ins. Co. v. U.S. Bank Nat. Ass'n,* 2008 WL 4178474, at *3 (S.D.N.Y. 2008) (citations and quotations omitted). "As such, New York law views various bad faith

3

claims against insurance carriers as 'contractual in nature.'" *Id.* (citing *New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.,* 352 F.3d 599, 606 (2d Cir. 2003)). "A 'breach of the implied duty of good faith is merely a breach of the underlying contract.'" *Id.* (citations, quotations, and brackets omitted). "Such claim is 'duplicative of the [underlying] cause of action for breach of contract.'" *Id.* "The claim should be dismissed as duplicative under New York law." *Id.* Furthermore, under New York law, the failure to pay a claim cannot serve to support a claim for punitive damages in the absence of egregious conduct on the part of the defendant actionable as an independent tort, and that is part of a pattern behavior aimed at the public generally. *Id.* (citations omitted).

Based on New York law, which the parties agree applies in this case, Selective's motion to dismiss Whiteface's claim of bad faith is granted because that claim is duplicative of Whiteface's claim for breach of contract.

Selective also seeks to dismiss Whiteface's claim under New York's General Business Law Section 349, which is part of New York's Consumer Protection Act and provides "that [d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any

4

service in this state are . . . unlawful." *Siotkas v. LabOne, Inc.,* 594 F.Supp.2d 259, 276 (E.D.N.Y. 2009) (quoting N.Y. Gen. Bus. Law § 349(a)). "The statute further provides that any person who has been injured by reason of any violation of this section may bring an action for damages." *Id.* (quoting N.Y. Gen. Bus. Law § 349(h)). "As the Act's name indicates, its purpose is to protect the consumer public at large by ensuring an honest market place where trust prevails." *Id.* (citation and quotations omitted). "Thus, a plaintiff claiming a violation of Section 349 must demonstrate that the acts or practices have a broader impact on consumers at large." *Id.* (citations omitted). "Private transactions not of a recurring nature or without ramifications for the public at large do not fall within the purview of section 349." *Netzer v. Continuity Graphic Assocs., Inc.,* 963 F.Supp. 1308, 1323 (S.D.N.Y. 1997) (quotations omitted). "The typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising." *Gottlieb Development LLC v. Paramount Pictures Corp.,* 590 F.Supp.2d 625, 636 (S.D.N.Y. 2008) (citations and quotations omitted).

Here, Whiteface does not allege that Selective's conduct was

5

directed at consumers at large. Whiteface's allegations are rooted in a private transaction without ramifications for the public at large. Accordingly, Whiteface's claims under section 349 should be dismissed.[2]

Under Federal Rule of Civil Procedure 26(c), Selective also seeks a protective order enjoining Whiteface from requesting any information regarding materials related to other similar builders' risk policies issued by Selective in New York from 2001 to 2006.

Discovery Rule 26(c) of the Federal Rules of Civil Procedure permits a district court "to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Bridge C.A.T. Scan Assocs. v. Technicare Corp.,* 710 F.2d 940, 944-45 (2d Cir. 1983) (citation omitted). "[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 142 (2d Cir. 2004) (citation and quotations omitted). "Ordinarily, good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" *In re Terrorist Attacks on September 11, 2001,* 454 F.Supp.2d 220, 222

---

[2] In one line in its brief, Selective also asserts Whiteface's fifth cause of action, consequential damages, should also be dismissed. However, Selective does not articulate with any specificity the reasons for this assertion. Consequently, the court denies Selective's motion to dismiss that cause of action.

6

(S.D.N.Y. 2006) (quoting *Shingara v. Skiles,* 420 F.3d 301, 306 (3d Cir. 2005)).  However, the discovery rules "do not permit discovery of matters that are neither relevant to issues in the case nor calculated to lead to relevant and admissible evidence."  *Estee Lauder, Inc. v. Fragrance Counter, Inc.,* 189 F.R.D. 269, 274 (S.D.N.Y. 1999).

With these precepts in mind, and keeping in mind that: (1) the court has determined that Whiteface's claim of bad faith and claim under section 349 should be dismissed; (2) Whiteface's main contention regarding these materials is that they *could* support these claims; and (3) "the vital function of a protective order is to secure the just, speedy, and inexpensive determination of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant[,]" *Minpeco S.A. v. Conticommodity Servs., Inc.,* 832 F.2d 739, 742 (2d Cir. 1987) (citation and quotations omitted), the court determines the materials related to other similar builders' risk policies issued by Selective in New York from 2001 to 2006 are indeed irrelevant to the pending claims.  Thus, it grants Selective's request for a protective order regarding these documents.[3]  However, such

---

[3]Because the court determines the protective order should be granted and "has broad discretion to determine whether to overlook a party's failure to comply with local court rules[,]" *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 73 (2d Cir. 2001), the court rejects Whiteface's claim that Selective's request for a protective order should be denied for Selective's failure to

7

order is subject to modification or being lifted if this court or a magistrate judge later deems it proper to do so. *Gambale,* 377 F.3d at 141 ("'It is undisputed that a district court retains the power to modify or lift protective orders it has entered.'") (citations omitted).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Selective's motion to dismiss Counts III and IV of Whiteface's amended complaint is **GRANTED** and Selective's motion for a protective order is **GRANTED**; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: May 13, 2009

*[signature]*
United States District Court Judge

---

comply with Local Rule 7.1(d)(3).