**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WHITEFACE REAL ESTATE**
**DEVELOPMENT AND**
**CONSTRUCTION, LLC,**

                Plaintiff,                8:08-cv-24
                                                (GLS/DRH)

        v.

**SELECTIVE INSURANCE COMPANY**
**OF AMERICA,**

                Defendant.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Thorn, Gershon Law Firm | ARTHUR H. THORN, ESQ. |
| 5 Wembley Court | ERIN P. MEAD, ESQ. |
| New Karner Road | |
| P.O. Box 15054 | |
| Albany, NY 12212-5054 | |
| | |
| **FOR THE DEFENDANT:** | |
| Goldberg, Segalla Law Firm | SHARON ANGELINO, ESQ. |
| 665 Main Street, Suite 400 | THOMAS F. SEGALLA, ESQ. |
| Buffalo, NY 14203 | |

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff Whiteface Real Estate Development and Construction, LLC brought suit against defendant Selective Insurance Company of America, seeking coverage for a fire loss. (*See* Am. Compl., Dkt. No. 29.) On June 14, 2010, this court denied, among other things, Selective's motion for summary judgment on Whiteface's claims for declaratory relief, breach of contract, and consequential damages. (*See* Dkt. No. 81.) Pending is Selective's motion for leave to appeal that decision. (Dkt. No. 84.) For the reasons that follow, Selective's motion is denied.

### **II. Standard of Review**

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). However, a district court may grant a party leave to appeal a non-final or interlocutory order if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal ... may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, § 1292 operates

2

as "a rare exception to the final judgment rule that generally prohibits piecemeal appeals ... [and] is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler*, 101 F.3d at 865-66 (citation omitted). Importantly though, § 1292(b) "was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation, or to be a vehicle to provide early review of difficult rulings in hard cases." *Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596, 600 (S.D.N.Y. 2002) (internal quotation marks and citations omitted). Accordingly, a court should "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992).

Section 1292(b) does not identify a specific time period within which a party may seek appellate certification from a district court. Nonetheless, "courts have held that any delay in seeking amendment and certification must be reasonable." *Morris v. Flaig*, 511 F. Supp. 2d 282, 314 (E.D.N.Y. 2007) (internal quotation marks and citation omitted).

### III. Discussion

Notwithstanding the parties' dispute about whether Selective's one-month delay in seeking certification was reasonable, (*compare* Pl. Resp.

3

Mem. of Law at 1-3, Dkt. No. 87:1, *with* Def. Reply Decl. ¶¶ 4-6, Dkt. No. 89), the court declines to treat this delay as dispositive and chooses instead to treat it as one of several factors weighing against certification. Among the other factors that militate against certification are the absence of a pure question of law and the lack of a "substantial ground for difference of opinion" or "substantial doubt" about the correctness of the court's June 14, 2010 Order. And while an alternative ruling by the Second Circuit could materially advance the termination of this case, an immediate appeal here would postpone an otherwise trial-ready matter that involves multiple causes of action and a claim for additional damages.

As to whether the issue in dispute raises a controlling question of law, the court rejects Selective's oversimplified analysis. Although the threshold issue here is a question of law, that is whether the builder's risk policy is ambiguous, there are substantial questions of law and fact that come into play upon a finding of ambiguity. Selective's request for immediate review no doubt rests on its hope that this court wrongly decided the question of ambiguity. However, in the court's view, the question of ambiguity presented here was subject to a straightforward and uncomplicated resolution. And since such ambiguity is pregnant with several legal and

4

factual disputes, this factor weighs against certification.

And as to the existence of a "substantial ground for difference of opinion," the court finds that the issues presented here are not particularly difficult or novel.  Nor is there any case law available that is both indistinguishable from and conflicting with the court's ruling.  While Selective is technically correct that the issue here is of "first impression" and one that "has not been previously addressed by the Second Circuit," (Def. Mem. of Law at 5, Dkt. No. 84:2 (citing *Morris*, 511 F. Supp. 2d at 318)), the substantive questions are common and the controlling law is well established.  The only thing that makes this case unique is the particular language contained in the builder's risk policy.  But this uniqueness of language is insufficient to justify granting Selective's request.  Instead, this uniqueness of language explains why there is a dearth of analogous case law and raises questions about how much precedential value the Second Circuit's scrutiny would actually have.  Therefore, having weighed Selective's arguments and found them wanting, the court denies Selective's motion.

### IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Selective's motion for leave to appeal (Dkt. No. 84) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 13, 2010
Albany, New York

*[signature]*
United States District Court Judge